CENTRAL STATES, Southeast and Southwest Areas Pension Fund, and Robert J. Baker, R. V. Pulliam, Thomas F. O'Malley, Loran W. Robbins, Robert E. Schlieve, Hubert L. Payne, Marion N. Winstead, Harold J. Yates, LeRoy L. Wade, and Howard McDougall as Trustees of the Central States, Southeast and Southwest Areas Pension Fund, Plaintiffs,

v.

WHOLESALE PRODUCE SUPPLY CO., Defendant.

No. 4–78 Civ. 242.

United States District Court,
D. Minnesota,
Fourth Division.

March 22, 1979.

Ernest I. Reveal, III, Robins, Davis & Lyons, St. Paul, Minn., for plaintiffs.

Andrew J. Eisenzimmer, Meier, Kennedy & Quinn, St. Paul, Minn., for defendant.

## MEMORANDUM ORDER

ALSOP, District Judge.

This matter comes before the court on cross-motions for summary judgment pursuant to Rule 56 of the Fed.R.Civ.P. Memoranda were submitted by both parties and oral argument was heard on February 23, 1979.

Plaintiffs, trustees for the Central States Pension Fund (Fund), are suing for recovery of contributions made to the Fund by defendant Wholesale Produce Supply Co. (Wholesale) on behalf of an employee, Theodore Shabert, from October 28, 1973 through February 14, 1977. Upon discovery that these payments were mistakenly made, Wholesale notified the Fund of the error by a letter dated February 14, 1977 and thereafter setoff the amounts paid against other payments subsequently owed to the Fund. The plaintiffs claimed that under applicable law the defendant had no right to a setoff or return of the contributions made and requested that the defendant return the amount of the setoff, a total of $3124.00. Upon refusal of Wholesale to return this amount, the Fund instituted the present action to recover the setoff. The issues raised by the parties center around the applicability and effect of the Employee Retirement Income Security Act of 1974 (ERISA), particularly § 403(c)(1)–(2)(A), 29 U.S.C. § 1103(c)(1)–(2)(A), which provides as follows:

> (c)(1) [e]xcept as provided in paragraph (2) or (3) . . . the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan. . . .
> (c)(2)(A) In the case of a contribution which is made by an employer by a mistake of fact, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after payment of the contribution.

For purposes of discussion the total amount of money at issue may be divided into three categories pursuant to a stipulation of the parties. One is represented by contributions of $1079.50 made from October 28, 1973 to December 31, 1974, which were made prior to the effective date of ERISA. A second category is represented by contributions of $2044.50 made from January 1, 1975 to February 14, 1977, which were made after the enactment of ERISA. A further division may be made of the total post-ERISA contributions and is represented by contributions of $873.00 made between February 15, 1976 and February 14, 1977. These contributions were made during the time period affected by the one-year limitation imposed by § 403(c)(2)(A).

The issues presented are as follows:

1. Does ERISA apply for payments made prior to the effective date of the Act?

2. For funds erroneously paid after the effective date of ERISA, is recovery by the employer governed by the restrictions contained in § 403(c)(2)(A) or by state law?

3. If § 403(c)(2)(A) of ERISA applies for contributions made after the effective date of the Act, were these contributions made as a result of a mistake of fact or a mistake of law?

■ 1. Plaintiff contends that ERISA's retroactive application may be gleaned from the plain language of § 403(c)(1)–(2)(A) and that the limitations of § 403 apply to all assets *held* as of ERISA's effective date, rather than to assets which are contributed to the Fund on or after that date. Plaintiff argues that the phrase "all assets . . . held" does not differentiate between assets acquired before or after January 1, 1975 and that such interpretation is consonant with the Act's policy of protecting the interests of participants and beneficiaries in employee benefit plans.

However, § 514 of ERISA, 29 U.S.C. § 1144(b)(1), expressly states that ERISA does not preempt any cause of action arising or any act or omission occurring prior to the enactment of the Act. This language

compels the court to conclude that in the context of this case, payments which occurred prior to January 1, 1975 are not controlled by the provisions of the Act. This conclusion was also reached in the similar cases of *Reuther v. Trustees of the Trucking Employees of Passaic and Bergen County Welfare Fund*, 575 F.2d 1074 (3d Cir. 1978) and *Bacon v. Wong*, 445 F.Supp. 1189 (N.D.Cal.1978). Thus, the court finds ERISA is not applicable to an action for restitution of payments to a pension fund made before January 1, 1975 and that such an action is governed by state law.

█ Minnesota law allows for restitution of payments made by mistake and, therefore, defendant was entitled to recover the $1079.50 erroneously contributed prior to January 1, 1975, and plaintiff's effort to recover the setoff made to that extent must fail. *See Norris v. Cohen*, 223 Minn. 471, 27 N.W.2d 277 (1947) and *Cady v. Bush*, 283 Minn. 105, 166 N.W.2d 358 (1969). Plaintiff urges that Minnesota law allows restitution only for mistakes of fact. Even if such were the rule, the court hereinafter concludes that the mistake here in question was a mistake of fact. As such, any payments made as a result thereof would be recoverable where, as here, the party receiving the funds has not sufficiently changed its position in reliance on the payments so as to make recovery unjust.

█ 2. Defendant argues that state law should also govern contributions made after ERISA's effective date. The gist of this argument is that a party who chooses a course of conduct in reliance on the then applicable law should not be held to a different standard simply because of the enactment of ERISA. However, the court finds that ERISA supersedes and preempts the application of state law after the effective date of ERISA, January 1, 1975. Therefore, recovery of erroneous contributions made after January 1, 1975 is restricted by § 403 of ERISA to those contributions made as a result of a mistake of fact, and recovery is allowed only for contributions made during the one-year period prior to the receipt of notice of the mistake by the

Fund. The year is stipulated to be from February 15, 1976 to February 14, 1977, and the stipulated amount for that period is $873.00.

3. The issue presented by § 403 of ERISA is what constitutes a mistake of fact. The Act itself does not define such mistakes, other than a Conference Report which gives "arithmetical error" as an example. Plaintiff urges a narrow reading of the statute because of the policies of the Act which are designed to protect the interests of beneficiaries and employees and to insure that no funds inure to the benefit of employers. If mistakes of fact are not limited to clerical types of errors, plaintiff argues that actuarial projections would be impossible since the value of the assets held by the plan would be subject to significant fluctuation due to refunds of employer contributions. However, this problem, if it exists, is minimized by the one-year limitation and by the fact that, although funds may be reduced, the number of beneficiaries would also be reduced as a result of ineligibility.

█ The court considers a mistake of law to be a mistake as to the legal consequences of an assumed state of facts, while the court considers a mistake of fact to be any other mistake. *GAF Corporation v. Amchem Products, Inc.*, 339 F.Supp. 647 (E.D.Penn.1975). In the instant case if defendant Wholesale had assumed that the employee (Shabert) was eligible for benefits, *i. e.*, had erroneously interpreted the coverage under the plan, then the mistake would be one of law. However, the defendant, although knowing that salespeople were not covered by the pension plan, inadvertently made contributions for Shabert through a clerical error. Thus, the present situation is distinguishable from *Bacon v. Wong* where contributions were made "in the innocent and mistaken belief that the employees on whose behalf they were made were eligible for benefits from the Fund." The *Bacon* type of error is really an error in interpreting the law with regard to coverage.

The court thus concludes that the Fund is not entitled to a return of the setoff funds for the year February 15, 1976 to February 14, 1977, in the amount of $873. These contributions were made as a result of a mistake of fact and, thus, fall within the one-year period provided by § 403(c)(2)(A) of ERISA. The Fund is entitled to a return of the money paid and setoff for the period commencing with the effective date of the Act and up to the commencement of the one-year limitation period, or from January 1, 1975 to February 14, 1976. This amount is stipulated to be the sum of $1171.50, plus 8% interest running from February 15, 1977 to the present. No attorneys' fees will be granted since both parties were acting in complete good faith.

The court appreciates the excellent manner in which counsel for both sides framed, briefed, and presented the issues involved in this litigation.

Upon the foregoing,

IT IS ORDERED That the motion of the plaintiff for summary judgment herein be and hereby is granted in part and denied in part.

IT IS FURTHER ORDERED That the motion of the defendant for summary judgment herein be and hereby is granted in part and denied in part.

IT IS FINALLY ORDERED That judgment be entered in the above action as follows:

The plaintiff shall recover from the defendant the sum of $1171.50, plus 8% interest from February 15, 1977 to date.