**SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 82 LABOR–MANAGEMENT TRUST FUND, Plaintiff,**

v.

**BAUCOM JANITORIAL SERVICE, INC., Defendant.**

**Civ. A. No. 80–1326.**

United States District Court, District of Columbia.

Oct. 30, 1980.

Thomas J. Hart, Washington, D. C., for plaintiff.

Stephen Edds, Columbus, Miss., for defendant.

**ORDER**

AUBREY E. ROBINSON, Jr., District Judge.

Upon consideration of Defendant's Motion for Summary Judgment, Plaintiff's

Motion for Summary Judgment and Dismissal of Counterclaim, Defendant's Opposition thereto, and the entire record herein, the Court notes that (1) pursuant to two collective bargaining agreements, Defendant is obligated to make monthly health and welfare contributions to Plaintiff; (2) the amount of such contribution is to be calculated on the basis of the total number of productive hours worked by Defendant's employees in each particular month; (3) the amount of such contribution was mistakenly calculated by Defendant on the basis of the total number of compensated hours, which included nonproductive hours (e. g. holidays, vacations and sick leave); (4) the error in calculations led to excess contributions by Defendant to Plaintiff in the amount of $7,162.38 between September 1977 and October 1979; (5) Defendant applied the full $7,162.38 excess contributions as an offset against the contributions owed for the months of March and April 1980; (6) Plaintiff asserts Defendant was not, and is not entitled to a return of any of the excess contributions made due to this mistake, alleging that such mistake in calculations constituted a mistake of *law* for which no refund is available; (7) Defendant contends it is entitled to an offset in an amount equal to the contributions mistakenly made over the course of one full year, as such mistake was one of *fact*; (8) the Employment Retirement Income Security Act (ERISA), Section 403(c)(2) (29 U.S.C. § 1103(c)(2)(A)) expressly provides for the return of excess contributions made by an employer by a mistake of *fact* within one (1) year after the payment of the contribution; (9) a mistake of fact is one other than an error as to the legal consequences or legal obligations deriving from the bargaining agreement, such as an "arithmetical error" (H.Cong.Rep.No.93–1280, 93d Cong., 2d Sess., reprinted in [1974] U.S.Code Cong. & Admin.News, pp. 4639, 5038, 5083) or a "clerical error" (*Central States, Southeast and Southwest Areas Pension Fund, et al. v. Wholesale Produce Supply Co.*, 478 F.Supp. 884 (4th D.Minn., 1979), 611 F.2d 694 (8th Cir., 1979)); (10) the facts claimed in Defendant's affidavits describe a mistake of fact in that (a) Defendant's President personally negotiated, authorized and approved the bargaining agreements and had full familiarity and understanding of Defendant's legal obligations under the agreements, (b) Defendant's President explained the exact procedure for calculating the monthly contributions to Defendant's payroll clerk, directing her to exclude from the monthly hour total all nonproductive compensated hours, (c) Defendant's payroll clerk failed to recall these specific instructions and mistakenly calculated the contributions using the wrong hour figures; (11) in determining a motion for Summary Judgment, this Court may assume that the facts as claimed are admitted to exist except as and to the extent such facts are controverted (Rule 1–9(g) of the Local Rules); (12) the excess contributions are the result of a mistake of fact, and Defendant is entitled to an offset for the one (1) year period permitted by statute; (13) the end date for the one (1) year period is April 11, 1980, the date Plaintiff received notice of the mistake. *See, Central States, Southeast and Southwest Areas Pension Fund, et al. v. Wholesale Produce Supply Co.*, 478 F.Supp. at 887; (14) the amount of those excess contributions between April 11, 1979 and April 11, 1980 totals $2,195.63; (15) this amount, offset against the $7,162.38 accrued for the months of March and April, 1980, yields $4,966.75 owed by Defendant to Plaintiff as delinquent health and welfare contributions; (16) the Agreement and Declaration of Trust which governs the trust fund provides for the payment of interest at 8% per year, liquidated damages of 10% of the amount of the delinquent contributions, and reasonable attorney's fees.

It is therefore by the Court this _____ day of October, 1980,

ORDERED, that the Motion of Plaintiff for Summary Judgment herein be and hereby is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED, that Defendant's Motion for Summary Judgment be and hereby is GRANTED in part and DENIED in part; and it is

FURTHER ORDERED, that Judgment shall be entered in the above action as follows:

Plaintiff shall recover from Defendant the sum of $4,966.75, plus 8% interest from March 1980 to date, plus 10% of the delinquent contributions as liquidated damages, plus reasonable attorney's fees.