TEAMSTERS LOCAL 639–EMPLOYERS
HEALTH TRUST, Appellant,

v.

CASSIDY TRUCKING, INC., Appellee.

TEAMSTERS LOCAL 639–EMPLOYERS
HEALTH TRUST, Appellee,

v.

CASSIDY TRUCKING, INC., Appellant.

Nos. 79–1448, 79–1449.

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1980.

Decided April 22, 1981.

Daniel B. Edelman, Washington, D. C. (Charles R. Both, Yaklonski, Both & Edelman, Washington, D. C., on brief), for appellant.

Joel I. Keiler, Washington, D. C., for appellee.

Before WINTER and BUTZNER, Circuit Judges, and HOUCK, United States District Judge for the District of South Carolina, sitting by designation.

HOUCK, District Judge:

The Teamsters Local 639–Employers Health Trust (hereinafter referred to as the Trust) has appealed the district court's determination that Cassidy Trucking Company (hereinafter referred to as Cassidy) is entitled, under 29 U.S.C. § 1103(c)(2)(A), to a return of $4,483.44 paid into the Trust by Cassidy under a mistake of fact. Because we believe the district court misinterpreted the applicable statutory provisions, we reverse and remand this case to the district court for further proceedings in accordance with this opinion.

The Trust is an employee welfare benefit plan, as defined in 29 U.S.C. § 1002(1). On or about June 20, 1977, the Trust brought a state court action against Cassidy for breach of a trust agreement, alleging that Cassidy was required to make, and had failed to make, payments to the Trust for March, April, and May 1977. Cassidy removed the case to the district court of Maryland, alleging jurisdiction under 29 U.S.C. § 185(a). The district court determined that it had no jurisdiction under that section because the trustees were not parties, but accepted jurisdiction of the case under ERISA, 29 U.S.C. § 1132(d)(1), which confers exclusive jurisdiction of such cases to the United States district courts. Cassidy answered that no contract obligation existed between it and the Trust for the period covered by the complaint, and counterclaimed for return of contributions made during that time.

The district court found that Cassidy had signed a collective bargaining contract with the union on January 2, 1969, which required that it make periodic contributions to the Trust on behalf of its employees. This agreement expired on May 1, 1975, and no new agreement was executed by Cassidy. Nevertheless, the company continued until February 28, 1977 to make payments as required by collective bargaining contracts the union had with similar employers, to which Cassidy was not a party. It made no payments to the Trust after February 28, 1977.

Between May 1, 1975 and February 28, 1977, Cassidy contributed $13,183.22 to the Trust, although only $4,483.44 was contributed in the year preceding Cassidy's filing of its counterclaim on July 21, 1977. The Trust paid $36,357.29 in medical benefits and $589.14 in vision and dental benefits to Cassidy's employees between May 1, 1975 and February 28, 1977.

The district court found that Cassidy's payments during this period were made under a mistake of fact, the mistake being its belief in the existence of a contract obligating the company to pay. This belief was fostered by several letters from the Trust's attorney demanding payment, which were received by Cassidy on occasions when it had fallen behind in the payments.

The parts of ERISA with which we are concerned, 29 U.S.C. § 1001 et seq., were

enacted to protect the interests of employees in pension and health plans. A portion of the statute which sets mandatory requirements for the establishment of an employee benefit trust provides that

(c)(1) Except as provided in paragraph (2) ... the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries ....

29 U.S.C. § 1103(c)(1).

This section, standing alone, would bar employers such as Cassidy from recovering funds paid into such a trust, no matter what grounds exist for restitution.

Paragraph (2) provides three exceptions to this rule, however, the first of which is applicable to this case:

(2)(A) In the case of a contribution which is made by an employer by a mistake of fact, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution.

29 U.S.C. § 1103(c)(2)(A).

It is undisputed that an employer could not recover payments made more than a year before filing a claim for a refund under this section.[1]

The Trust has argued on appeal that Cassidy's mistake was one of law rather than fact, or at most, "a mixed mistake of law and fact." Appellant's brief at 11. It cites no authority saying that a mistake about the existence of a contract is a mistake of law. Instead, it asserts that Congress drafted the exception narrowly to insure that "claims for refunds would result in only relatively minor adjustments in the value of plan assets," and because this kind of mistake could result in a substantial refund and cause considerable fluctuation in the value of the assets, it was not a mistake of fact. *Id.* The other two exceptions in § 1103(c)(2), subsections (B) and (C), militate against this argument, however. They allow return of payments conditioned on

qualification of a plan or deductibility of a contribution under the Internal Revenue Code, either of which could lead to reimbursements as large as mistakes about the existence of a contract.

■ Appellant argues strenuously that because the only example in the legislative history of a mistake of fact is an arithmetical error, only such clerical errors were meant to be grounds for restitution under § 1103(c)(2)(A). Traditionally, however, mistake of fact has not had such a limited connotation. In the Restatement of Restitution, a mistake about the existence or validity of a contract is dealt with as a mistake of fact. Section 15, entitled "Mistaken Belief in Existence of Contract with Payee," provides that

A person is entitled to recover money which he has paid another pursuant to the terms of a supposed contract with or offer from the other which, because of the payor's mistake of fact as to the existence of consent, of consideration or of a required formality, he erroneously believed to exist, if he does not get the expected exchange.

We have found no authority contrary to the Restatement which would suggest that Cassidy's erroneous belief about the existence of a binding contract between it and the union was not a mistake of fact. Neither have we found any indication in the legislative history that Congress intended to alter the traditional meaning of mistake of fact. If the phrase had been intended to encompass only arithmetical errors, it would have been a simple matter to make such an intention clear. We conclude, therefore, that Cassidy made contributions to the Trust during the year in question under a mistake of fact within the meaning of 29 U.S.C. § 1103(c)(2)(A).

■ The Trust argued to the district court that the substantial amount of benefits paid to Cassidy's employees should prevent restitution of Cassidy's contributions

---

1. The district court properly held that Cassidy filed such a claim on July 21, 1977, with the filing of its counterclaim in this action.

on the counterclaim. The court concluded, however, that the principles of equity were inapplicable because

> the purpose in effect of the statute where mistakes of this kind occur is to permit recovery back of the contributions made, and that the limitations period was purposely made a conservative one by Congress to sort of even up the scale. Record at 113.

We disagree with this interpretation. The statutory language of the exception allowing recovery of payments says that the broad prohibition of § 1103(c)(1) "shall not prohibit the return" of a contribution made under mistake of fact; it does not say that payments made under a mistake of fact necessarily will be returned. The legislative history of this section is equally permissive: "An employer's contributions can be returned within one year after they are made to a plan, if made as a mistake of fact." House Conference Report No. 93–1280, [1974] U.S.Code Cong. & Ad.News 5038, 5083. We believe that if Congress intended by this section to make recovery automatic once a mistake of fact is proved, and thereby alter the traditional principles of equity which otherwise would be applicable to such cases, it would have clearly evidenced its intent to do so. Because of its interpretation of the statute, the district court did not consider the issues of whether Cassidy is actually entitled to restitution, whether the Trust has any defenses to restitution or a valid claim for set-off, or the effect of any illegality of the payments under 29 U.S.C. § 186. Accordingly, we reverse and remand this case to the district court for resolution under the appropriate equitable principles.

Cassidy Trucking Company has appealed the district court's denial of its request for attorney fees under 29 U.S.C. § 1132(g) and *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Although it does not appear that the district judge abused his discretion in refusing to award attorney fees to Cassidy, we do not think it appropriate to decide this issue in light of our decision to reverse and remand this case.

REVERSED AND REMANDED.