John R. PECKHAM and W.T. Woolum

v.

BOARD OF TRUSTEES OF the INTER-
NATIONAL BROTHERHOOD AND
ALLIED TRADES UNION and Industry
National Pension Fund.

No. 82–1640.

United States Court of Appeals,
Tenth Circuit.

Dec. 16, 1983.

Before SETH, Chief Judge, and HOLLO-
WAY, McWILLIAMS, BARRETT, DOYLE,
McKAY, LOGAN and SEYMOUR, Circuit
Judges.

Before SETH, Chief Judge, and LOGAN
and SEYMOUR, Circuit Judges.

### SUPPLEMENTAL OPINION ON REHEARING

In its petition for rehearing the
Board of Trustees for the first time raises
the issue whether we have jurisdiction to
consider this case. We hold that we do
have authority to grant the relief ordered.
We need not decide whether an employer,
*qua* employer, may bring an action to en-
force a return of contributions mistakenly
paid. *Compare Fenton Industries, Inc. v.
National Shopmen Pension Fund,* 674 F.2d
1300 (9th Cir.1982), *with Crown Cork and
Seal Co. v. Teamsters Pension Fund,* 549
F.Supp. 307 (E.D.Pa.1982), *aff'd mem.* 720
F.2d 661 (3d Cir.1983). *See also Pressrooms
Unions—Printers League Income Security
Fund v. Continental Assurance Co.,* 700
F.2d 889 (2d Cir.1983). Plaintiffs Peckham
and Woolum were named participants in
the trust; they brought suit to recover pen-
sion rights in their capacities as partici-

pants. Although our earlier opinion held they were not entitled to retirement benefits, we are satisfied that we retain jurisdiction to prevent unjust enrichment of the fund for the amounts these individuals paid into the fund for their own accounts. *See* Prop.Treas.Reg. § 1.401(a)–3, Ex. (1).

■ Relying on Prop.Treas.Reg. § 1.401(a)–3(6)(2)(ii)(A), the Board also challenges our award of interest on the mistaken contributions we have ordered refunded. This proposed tax regulation states that plans may not return earnings attributable to excess contributions or overpayments. The purpose of the regulation being promulgated is to establish uniform rules applicable to all qualified retirement plans. The prohibition against refunding earnings attributable to excess contributions or overpayments is apparently aimed at discouraging excess contributions and recognizes that the plan incurs administrative costs in calculating overpayments and making refunds. Acknowledging that our order requiring the payment of interest is inconsistent with the proposed treasury regulation, we bow to the expertise of the Service and its desire for uniform rules. We therefore rescind that portion of our opinion directing the Board to pay the plaintiffs interest on the mistaken contributions that we ordered refunded. With this modification, the opinion is reaffirmed.