**AWARD SERVICE, INC.,**
**Plaintiff/Appellant,**

v.

**NORTHERN CALIFORNIA RETAIL CLERKS UNIONS AND FOOD EM-PLOYERS JOINT PENSION TRUST FUND, a trust fund, Defendant/Appellee.**

No. 83–2625.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1984.

Decided June 19, 1985.

---

Spencer H. Hipp, Michael J. Hogan, Littler, Mendelson, Fastiff & Tichy, Fresno, Cal., for plaintiff/appellant.

Richard G. McCracken, Davis, Cowell & Bowe, San Francisco, Cal., for defendant/appellee.

Before TANG, CANBY and BEEZER, Circuit Judges.

CANBY, Circuit Judge.

This action arises under section 302(e) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 186(e), and sections 403(c) and 502(e) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1103(c) and 1132(e). It was brought by Award Service, an "employer" as defined in 29 U.S.C. § 1002(5), against the Northern California Retail Clerks Unions and Food Employers Joint Pension Trust (Pension Trust), a multiemployer pension fund, for recovery of contributions allegedly made to the Pension Trust in violation of section 302(c) of the LMRA.

Award Service alleges that it made contributions to Pension Trust from September 1970 to March 1981 even though it was not a party to a collective bargaining agreement. On June 3, 1982, Award Service demanded a refund of these contributions on the ground that their payment had violated section 302(c)(5)(B) of the LMRA and that it was consequently illegal for Pension Trust to retain them. Pension Trust, however, refused to refund the allegedly illegal contributions, and this suit was commenced approximately one year later to recover them.

In the district court, Award Service asserted two grounds for restitution of the allegedly illegal contributions. First, it contended that restitution of illegally paid contributions may be ordered under section 302(e) of the LMRA, which grants the federal courts jurisdiction to restrain violations of section 302. Second, it argued that section 403(c)(2)(A) of ERISA confers on employers a right to the refund of contributions made as a result of a mistake of law or fact.

The district court rejected both of these arguments. As to the claim that section 302 confers jurisdiction on the district courts to order restitution of illegally made contributions, the district court read that section as only authorizing a court to restrain future violations of section 302. It therefore concluded that Award Service's section 302 claim for restitution of illegally paid contributions failed to state a claim upon which relief could be granted. As to Award Service's claim that section 403(c)(2)(A) of ERISA created a right to a refund of mistakenly paid contributions, the court found no jurisdictional basis within ERISA for such an action. It therefore dismissed the section 403 claim for lack of subject-matter jurisdiction.

We start with the dismissal of the section 403 claim. The district court correctly observed that section 502 of ERISA does not explicitly authorize a civil action by an employer to enforce the provisions of

ERISA. *See* 29 U.S.C. § 1132(a). Nevertheless, we have held that an employer may bring an action under ERISA to enforce its terms where the employer alleges specific and personal injury. *Fentron Industries, Inc. v. National Shopmen Pension Fund,* 674 F.2d 1300, 1304–05 (9th Cir.1982). The requirement of a specific and personal injury is clearly met here where the employer alleges that it has mistakenly paid more than $167,000 in contributions which it was not obligated to make. The district court therefore had jurisdiction to entertain the section 403 claim under 29 U.S.C. § 1132(e).[1]

■ Even if there had been no statutory grant of jurisdiction in ERISA, the district court had jurisdiction under 28 U.S.C. § 1331[2] for the purpose of determining whether an implied cause of action existed under section 403(c)(2)(A) for return of mistakenly paid contributions. *See R.J. Williams Co. v. Fort Belknap Housing Authority,* 719 F.2d 979, 981 (9th Cir.1983); *Crown Cork & Seal Co. v. Teamsters Pension Fund,* 549 F.Supp. 307, 310 (E.D.Pa. 1982), *aff'd mem.,* 720 F.2d 661 (3d Cir. 1983).

■ Having concluded that there is jurisdiction under either 29 U.S.C. § 1132(e) or 28 U.S.C. § 1331, we must next decide whether a right of action exists under section 403(c)(2)(A) of ERISA in favor of an employer for the return of contributions mistakenly paid to Pension Trust. Section 403 confers no such right expressly; it merely *permits* the return of contributions mistakenly paid. We conclude, however, that a right of action is properly implied by section 403 under the standards of *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). First, the 1980 amendment to section 403(c)(2)(A), which added subparagraph (ii) concerning payments

made by an employer by mistake of fact or law, was clearly designed for the benefit of employers. Multi-Employer Pension Plan Amendments Act of 1980, Pub.L. No. 96–364, § 310, 94 Stat. 1208, 1296 (1980). Second, a congressional intent to create a private remedy in favor of the employer is implicit in Section 403(c)(2)(A)(ii). Without such a remedy, the decision to return contributions mistakenly paid would be left solely to the interested trustee. Third, implying a private right of action furthers the congressional scheme of permitting restitution of contributions paid by mistake when equitable factors militate in favor of such restitution. Finally, no principle of federal-state comity renders a federal cause of action inappropriate; Congress preempted all state law regarding employee pension benefits effective with contributions made after January 1, 1975. 29 U.S.C. § 1144(a); *Martin v. Hamil,* 608 F.2d 725, 729 (7th Cir.1979).

Our conclusion that section 403 implies a right of action in favor of the employer draws support from *Chase v. Trustees of Western Conference of Teamsters Pension Trust Fund,* 753 F.2d 744 (9th Cir. 1985), decided by this court after this appeal was submitted for decision. *Chase* is distinguishable because it involved a claim for restitution on the part of owner-drivers of taxicabs who were not the "employer" that made the contributions to the pension fund. Our opinion in *Chase* partially relied, however, upon a body of case law authorizing private actions for restitution of mistaken contributions when the equities favor it. *E.g., Peckham v. Board of Trustees,* 719 F.2d 1063, *modified and reaff'd,* 724 F.2d 100 (10th Cir.1983) (recovery permitted for funds mistakenly paid by participants for their own account; question whether employers *qua* employers have similar right left open); *Teamsters*

---

1. Paragraph 1 of this subsection grants the district courts of the United States exclusive jurisdiction over actions brought under ERISA "by the Secretary [of Labor] or by a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(e)(1). In *Fentron,* we held that employers may sue despite their omission from the

class of persons expressly empowered to sue under section 1132. 674 F.2d at 1305 & n. 6.

2. 28 U.S.C. § 1331 confers original jurisdiction upon the district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States."

*Local 639—Employers Health Trust v. Cassidy Trucking, Inc.*, 646 F.2d 865, 868 (4th Cir.1981) (district court should determine whether employer is entitled to refund under equitable principles); *E.M. Trucks, Inc. v. Central States, Southeast and Southwest Areas Pension Plan*, 517 F.Supp. 1122 (D.Minn.1981) (employer should be refunded mistaken contributions if equity requires it); *see also Central States, Southeast and Southwest Areas Pension Plan v. Wholesale Produce Supply Co.*, 478 F.Supp. 884 (D.Minn.), *aff'd*, 611 F.2d 694 (8th Cir.1979), and *Service Employees International Union Local 82 Labor-Management Trust Fund v. Baucom Janitorial Service, Inc.*, 504 F.Supp. 197 (D.D.C.1980) (offset allowed to employer for overpaid contributions without consideration of permissive phraseology of section 403(c)(2)(A)); *but see Crown Cork and Seal Co. v. Teamsters Pension Fund of Philadelphia*, 549 F.Supp. 307, 312 (E.D. Pa.1982), *aff'd mem.* 720 F.2d 661 (3d Cir. 1983) (section 403(c)(2)(A) permissive only; no implied right for employer; restitution would threaten integrity of funds). Our conclusion that the employer may sue here is strongly supported by all of these cases except *Crown Cork and Seal;* with it we respectfully disagree.

■ Finally, as we have already said, our decision in *Fentron*, 674 F.2d 1300, held that an employer injured by interruption of benefits to his employees had standing to enforce the provisions of ERISA. *Id.* at 1305. Similarly, Award Service has standing here to pursue the right to restitution of mistakenly paid contributions under section 403(c)(2)(A).[3] As in *Chase*, however, Award Service will have to establish that the equities favor restitution in order to succeed on the merits. A principal

equitable consideration is whether restitution would undermine the financial stability of the plan. *See Chase*, 753 F.2d at 753.

■ There remains the question whether a similar but perhaps broader cause of action is also recognized by section 302 of the LMRA. We do not find Chase controlling on this issue because in *Chase* the section 302 issue was not raised as such. *Chase* merely decided that nothing in the LMRA precluded us from recognizing a right to the return of mistakenly paid contributions under ERISA. We were not confronted with a claim, as we are here, that section 302 of the LMRA creates a separate and independent cause of action for the return of contributions that violate that section. For the reasons that follow we conclude that section 302 creates no such cause of action.

The jurisdiction of the federal courts to enforce section 302 is set forth in section 302(e). 29 U.S.C. § 186(e). That section empowers "[t]he district courts of the United States ... to restrain violations of this section, without regard to the provisions of section 17 of Title 15 and section 52 of this title, and the provisions of chapter 6 of this title." One possible reading of that statute is that it merely removes the barrier to injunctive relief that had existed under the Clayton and Norris-LaGuardia Acts, and that it was not intended to deny the federal courts the power to grant other forms of relief. That reading, however, was rejected in *Souza v. Trustees of the Western Conference of Teamsters Pension Trust*, 663 F.2d 942 (9th Cir.1981), where we said "nowhere is it shown that the section intended to provide anything *more* than injunctive relief." *Id.* at 945. We went on to note the total absence of anything in the

---

**3.** Award Service does not indicate whether its section 403 claim arises under part (i) or part (ii) of section 403(c)(2)(A). Part (i), however, does not apply in the case of a multiemployer plan; we assume therefore that Award Service's claim arises under part (ii). That part limits the return of mistakenly paid contributions to the 6–month period following the date the plan administrator determines that a mistake has been made. The record does not indicate whether,

and if so when, the plan administrator made that determination. Pension Trust argues that Award Service's request for refund was untimely because it was not made within 6 months of discovery of the mistake. Because a record was not made on this issue and because it was not fully briefed on this appeal, we decline to decide at this stage of the litigation whether a refund of Award Service's contributions would violate the 6-month requirement of § 403(c)(2)(A)(ii).

legislative history to suggest the availability of ordinary actions at law or of awards of damages. *Id.*[4] Moreover, other courts have uniformly held that jurisdiction under section 302(e) extends only to restraints of future violations, *see, e.g., Bowers v. Moreno,* 520 F.2d 843, 846 (1st Cir.1975), and does not comprehend actions for damages from violations of section 302, *see, e.g., American Commercial Barge Lines Co., v. Seafarers International Union,* 730 F.2d 327, 332 (5th Cir.1984). *Accord Sellers v. O'Connell,* 701 F.2d 575, 578 (6th Cir.1983); *McCaffrey v. Rex Motor Transportation, Inc.,* 672 F.2d 246, 250 (1st Cir. 1982); *Central States, Southeast and Southwest Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.,* 511 F.Supp. 38, 46–47 (D.Minn.1980), *aff'd sub nom. Central States, Southeast and Southwest Areas Pension Fund v. Jack Cole-Dixie Highway Co.,* 642 F.2d 1122 (8th Cir.1981).[5]

Award Service relies on those cases which hold that the district courts have jurisdiction under section 302(e) to determine whether the provisions of a given retirement fund constitute a structural defect in violation of section 302(c)(5). *See, e.g., Ponce v. Construction Laborers Pension Trust,* 628 F.2d 537, 541–42 (9th Cir. 1980); *Wilson v. Board of Trustees,* 564 F.2d 1299, 1300 (9th Cir.1977). The rationale of those cases, however, is that a structural defect in a pension trust established pursuant to section 302(c)(5) violates the requirement that the trust be used "for the sole and exclusive benefit of the employees." *Elser v. I.A.M. National Pension Fund,* 684 F.2d 648, 652–53 (9th Cir.1982), *cert. denied,* ––– U.S. –––, 104 S.Ct. 67, 78 L.Ed.2d 82 (1983). There is no allegation here that Pension Trust's refusal to refund Award Service's pension contributions violates the "sole and exclusive" use requirement.

In addition, those cases concern the scope of the jurisdiction granted by section 302(e) and not the remedies it authorizes. Where retroactive pension benefits were awarded, the courts were not compelling restitution. They were merely enforcing the trust in accordance with section 302. In reading section 302(e) as authorizing such jurisdiction, they did not, nor could they, remove the limitation which Congress placed on the exercise of that jurisdiction.

Section 302(c)(5) creates for employee pension funds an exception to the general rule making it unlawful for employers to pay any money or other thing of value to employee representatives. 29 U.S.C. § 186(a). That exception is subject to a number of conditions intended to guard against corruption in the administration of pension funds. *United Mine Workers Health & Retirement Funds v. Robinson,* 455 U.S. 562, 570–72, 102 S.Ct. 1226, 1231–32, 71 L.Ed.2d 419 (1982). We are reluctant to tamper with the constraints Congress imposed on the disposition of funds under section 302 by authorizing refunds not guided by any of section 302's restrictions.

In our view the provisions of LMRA and ERISA are best rationalized if we conclude, as we do, that Congress intended to permit trustees to refund improperly paid contributions only where the conditions specified in section 403(c)(2)(A) of ERISA are met. Section 403(c)(2) of ERISA is an exception to the general rule prohibiting plan assets from inuring to the benefit of employers. If pension contributions were refundable under any set of circumstances other than those specifically enumerated in section 403(c)(2), their refund would violate section

---

**4.** In *Souza,* we only addressed the question whether there was a right to a jury trial under section 302. We held that there was not. We did not therefore specifically address the question whether section 302 authorized equitable remedies other than injunctive relief.

**5.** Although this court has previously been confronted by claims for refunds under section 302,

we have so far declined to allow such a claim on the ground that a refund under the circumstances of those cases would have violated labor policy. *See, e.g., Carter v. CMTA–Molders & Allied Health and Welfare Trust,* 736 F.2d 1310, 1313 (9th Cir.1984); *Producers Dairy Delivery Co. v. Western Conference of Teamsters Pension Fund,* 654 F.2d 625, 628 (9th Cir.1981).

403(c)(1). To curb abuse in the use of pension assets, Congress intended to limit the availability of refunds to just those situations described in section 403(c)(2). We refuse to alter the statutory scheme by implying a cause of action under the LMRA for the return of pension contributions which differs from that created by section 403(c)(2)(A) of ERISA.

The dismissal of plaintiff's complaint insofar as it alleges a cause of action under section 403 is reversed. Because the district court's dismissal of the pendent state claims was based entirely upon the dismissal of all federal claims, the dismissal of the pendent claims is also reversed. The case is remanded for further proceedings consistent with this opinion.[6]

REVERSED AND REMANDED.

6. In *Chase,* we also decided that section 403(c)(2)(A) bars the refund of contributions made prior to January 1, 1975. 753 F.2d at 750. Therefore, any cause of action based on that section will not enable Award Service to recover contributions made prior to that date.