**AWARD SERVICE, INC.,**
**Plaintiff/Appellant,**

v.

**NORTHERN CALIFORNIA RETAIL CLERKS UNION AND FOOD EMPLOYERS JOINT PENSION TRUST FUND, a trust fund, Defendant/Appellee.**

No. 83–2625.

United States Court of Appeals,
Ninth Circuit.

Oct. 24, 1985.

Spencer H. Hipp, Michael J. Hogan, Littler, Mendelson, Fastiff & Tichy, Fresno, Cal., for plaintiff/appellant.

Richard G. McCracken, Davis, Cowell & Bowe, San Francisco, Cal., for defendant/appellee.

Before TANG, CANBY and BEEZER, Circuit Judges.

### ORDER

Defendant-Appellee Northern California Retail Clerks Union and Food Employers Joint Pension Trust Fund ("Pension Trust") moves this court to recall its mandate, issued pursuant to our decision in this case, reported at 763 F.2d 1066 (9th Cir.1985). Pension Trust contends that our decision is undermined by the subsequent decision of the Supreme Court of the United States in *Massachusetts Mutual Life Ins. Co. v. Russell*, — U.S. —, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). We reject the contention and deny Pension Trust's motion.

In *Massachusetts Mutual*, the Supreme Court refused to imply a remedy in favor of a beneficiary of an employee benefit plan against a trustee of that plan for untimely processing of a benefit claim. In so doing, the Court indicated that it was reluctant to "fine-tune" the carefully crafted enforcement scheme of the Employee Retirement Income Security Act (ERISA). — U.S. at —, 105 S.Ct. at 3093. The Supreme Court's language and ruling, however, was addressed to the situation before it, in which ERISA provided specifically for various kinds of recovery against a trustee, but only in favor of the plan. *Id.* at —, 105 S.Ct. at 3089. Similarly, ERISA provided various express remedies for a beneficiary, but compensatory and punitive damages against a trustee was not among them. *Id.* at —, 105 S.Ct. at 3093. Because the text of ERISA, the statutory structure, and the legislative history indicated that Congress intended the judiciary not to imply a cause of action against a

trustee for untimely processing of a beneficiary's claim, the Supreme Court refused to imply one. *Id.*

Our case was quite different. The issue was whether a right of action was to be implied in favor of an employer who had mistakenly paid more than $167,000 into a pension fund. There was no complex and interrelated system of express remedies in ERISA that related to such a claim. There was a positive indication by Congress that mistakenly paid contributions *could* be returned to the contributor, because § 403(c)(2)(A)(ii) of ERISA, 29 U.S.C. § 1103(c)(2)(A)(ii), expressly permitted such payments. That remedy was clearly enacted for the benefit of employers who mistakenly made payments to a fund, but there existed no express remedy to effectuate that congressional purpose. *See* 763 F.2d at 1068. It was therefore appropriate, and not inconsistent with *Massachusetts Mutual,* to imply a remedy in favor of the employer under the doctrine of *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

The motion to recall the mandate of this court is DENIED.