**TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; Trustees of the Operating Engineers Health and Welfare Fund; Trustees of the Operating Engineers Vacation–Holiday Fund and Trustees of the Operating Engineers Journeyman Apprenticeship Training Trust, Plaintiffs,**

v.

**TAB CONTRACTORS, INC., a Nevada Corporation; Does I through X, inclusive, Defendants.**

**Tab Contractors, Inc., a Nevada Corporation, Third Party Plaintiff,**

v.

**International Union of Operating Engineers, Local 12, an unincorporated association; United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, an**

unincorporated association; United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 525, an unincorporated association; Trustees of the Local 525 Health and Welfare Fund; Trustees of the Local 525 Pension and Retirement Plan; Trustees of the National Pension Fund; Trustees of the Las Vegas Joint Apprenticeship and Training Fund; Trustees of the Contract Administration Fund, Third Party Defendants.

No. CIV–S–01–1258 PMP PA.

United States District Court,
D. Nevada.

Sept. 27, 2002.

Michael Urban, Pasadena, CA, for Plaintiff.

Dennis Kist, Las Vegas, NV, Norman Kirshman, Las Vegas, NV, Gary Branton, Las Vegas, NV, for Defendant.

Andrew Brignone, Las Vegas, NV, Adam Segal, Las Vegas, NV, for Trustees-Las Vegas Joint Apprentice.

Patricia Waldeck, Las Vegas, NV, for United Assoc. of Journeymen & Apprentice.

## ORDER

PRO, District Judge.

Presently before this Court are two motions. Third–Party Defendants Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust; Trustees of the Plumbers and Pipefitters Local 525 Pension Plan; and Trustees of the Las Vegas Joint Apprentice and Journeyman Training Committee (collectively "Trust Funds") filed a Motion for Judgment on the Pleadings (Doc. # 16) on April 18, 2002. Defendant and Third–Party Plaintiff Tab Contractors, Inc. ("Tab") filed an Opposition (Doc. # 17) on April 25, 2002. The Trust Funds filed a Reply (Doc. # 19) on May 13, 2002.

Third–Party Defendant International Union of Operating Engineers, Local 12 ("Local 12") filed a Motion for Judgment on the Pleadings (Doc. # 18) on April 30, 2002. Tab filed an Opposition (Doc. # 20) on May 17, 2002. Local 12 filed a Reply (Doc. # 21) on June 3, 2002.

Third–Party Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 525, filed Joinder in Motion for Judgment on the Pleadings Filed by IUOE Local 12 (Doc. # 24) on July 25, 2002.

This Court held a hearing on the pending Motions on July 29, 2002.

## I. BACKGROUND

The present case arises from a contract dispute. Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation–Holiday Fund, and Trustees of the Operating Engineers Journeyman Apprenticeship Training Trust (collectively "Plaintiffs") are trustees of express trusts ("Plaintiffs' Trusts") to which Local 12 and various Southern California and Southern Nevada employer associations in the construction industry are parties. (Compl.¶ 2.) Plaintiffs allege that Tab failed to pay certain fringe benefit contributions to the Plaintiffs' Trusts de-

spite an obligation to do so. (Compl.¶¶ 6–8.) As a result of Tab's alleged failure to pay the Trusts, Plaintiffs have brought suit against Tab for breach of contract.

Subsequent to Plaintiffs filing suit, Tab impled several Third–Party Defendants, including the Trust Funds and Local 12. (Third–Party Compl.) Tab claims that its third-party suit arises under the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185 et seq., as well as under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001 et seq. (*Id.* ¶ 1.) Tab contends that the disputed work in the present case, for which Plaintiffs claim Tab owes contributions to Plaintiffs' Trusts, was covered by more than one collective-bargaining agreement. (*Id.* ¶ 11.) Tab alleges that on several occasions, Tab requested that Local 12 dispatch rig-welders to perform work, but Local 12 refused to dispatch the requested rig-welders. (*Id.* ¶ 13–14.) Further, Tab claims that United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 525 ("Local 525") dispatched employees to perform the rig-welding work when Local 12 refused to dispatch workers. (*Id.* ¶ 15.) Tab characterizes Plaintiffs' claim for unpaid trust contributions as a request for contributions for rig-welding work performed by Local 525 when Local 12 refused to dispatch workers. (*Id.* ¶ 16.) Tab's Third–Party Complaint includes claims for declaratory relief, indemnification, and unjust enrichment.

## II. LEGAL STANDARD

"A judgment on the pleadings [under Federal Rule of Civil Procedure 12(c) ] is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine,* 143 F.3d 1196, 1200 (9th Cir.1998) (citing *McGann v. Ernst & Young,* 102 F.3d 390, 392 (9th Cir.1996), *cert. denied,* 520 U.S. 1181, 117 S.Ct. 1460, 137 L.Ed.2d 564 (1997)). A motion for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) may be brought "[a]fter the pleadings are closed but within such time as not to delay the trial . . . ." Fed. R.Civ.P. 12(c).

Generally, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue . . . ." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir.1989). If a court does consider "matters outside the pleadings" in its determination on a motion for judgment on the pleadings, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 [Summary Judgment], and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(c). *See also Hal Roach Studios,* 896 F.2d at 1550 (holding that if, on a 12(c) motion, a court considers evidence outside the pleadings, the court should apply the summary judgment standard).

## III. DISCUSSION

### A. The Parties' Arguments Generally

Local 12 and the Trust Funds have brought Motions for Judgment on the Pleadings against Tab pursuant to Federal Rule of Civil Procedure 12(c). Local 525 has joined Local 12's Motion for Judgment on the Pleadings. Generally, the Third–Party Defendants argue that this Court does not have jurisdiction under the LMRA or ERISA over Tab's Third–Party Complaint.

### B. Jurisdiction and Standing under the LMRA

#### 1. The Parties' Arguments

Local 12 argues that the United States Supreme Court has ruled that § 301 of the

LMRA, 29 U.S.C. § 185 et seq., is reserved for claims that a labor contract has been violated, not for declaratory relief. Thus, Local 12 argues that Tab's action for declaratory relief is improper under the LMRA. Local 12 further argues that jurisdiction under the LMRA is not proper because Tab has not alleged a contract breach claim. Additionally, Local 12 contends that jurisdictional disputes are more appropriately heard by the National Labor Relations Board ("NLRB") or an arbitrator, not by a federal court. Local 525 joins these arguments and also made one additional argument at the oral hearing; Local 525 asserted that Tab did not make any allegations in its Third–Party Complaint that can be construed as alleging that *Local 525* breached any collective-bargaining agreement.

The Trust Funds argue that Tab cannot maintain its causes of action against the Trust Funds under the LMRA because the LMRA only provides for actions by or against labor organizations. The Trust Funds contend that they are not labor organizations under the definition in the LMRA.

In response, Tab argues that its Third–Party Complaint states an actionable claim and put Local 12 on notice of Tab's allegation that Local 12 breached its collective-bargaining agreement with Tab. Tab also asserts that § 301 of the LMRA provides federal courts with jurisdiction to hear controversies arising between labor and management. In the event that this Court does not find it has jurisdiction to hear Tab's claims, Tab asks for leave to amend its Third–Party Complaint to clarify its allegation that Local 12 breached its collective-bargaining agreement with Tab.

### B. Standing Under the LMRA

Tab asserts that this Court has jurisdiction to adjudicate the present dispute based in part on the LMRA. According to the LMRA:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Thus, jurisdiction in this Court is proper under the LMRA if two main requirements are met. First, the suit must be "for [a] violation of [a] contract[ ]." *Id. See also Textron Lycoming Reciprocating Engine Div., AVCO Corp. v. United Auto., Aerospace & Agric. Implement Workers of Am., et al.*, 523 U.S. 653, 657, 118 S.Ct. 1626, 140 L.Ed.2d 863 (1998) (" 'Suits for violation of contracts' under § 301(a) are ... suits that claim a contract has been violated.") (quoting 29 U.S.C. § 185(a)). Second, the suit must involve "an employer and a labor organization ...." 29 U.S.C. § 185(a). For reasons discussed herein, this Court finds that the requirement that the suit be "for [a] violation of [a] contract[ ]" may be met if Tab amends its Third–Party Complaint. However, this Court also finds that the requirement that a suit involve "an employer and a labor organization" is not met with respect to the Trust Funds.

### 1. "Violation of Contracts"

The United States Supreme Court has discussed the jurisdictional requirement under the LMRA that a suit involve "violation of [a] contract[ ]." In *Textron*, an automobile workers' union entered a collective-bargaining agreement with employer Textron. 523 U.S. at 654, 118 S.Ct. 1626. The collective-bargaining agreement "required Textron to give the Union

seven days' notice before entering into any agreement to subcontract out work that would otherwise be performed by Union members." *Id.* at 655, 118 S.Ct. 1626 (internal quotation omitted). During the time in which the parties were subject to the collective-bargaining agreement, Textron announced plans to subcontract out a large amount of work that Union members would otherwise perform. *Id.* As a result, the Union brought suit in federal district court. *Id.* The Union requested that the court issue a declaratory judgment stating that the agreement was voidable at the option of the Union because Textron allegedly fraudulently induced the Union to sign the collective-bargaining agreement. *Id.* However, the Union did not allege that Textron or the Union itself violated the terms of the collective-bargaining agreement.

In reversing the Third Circuit's conclusion that federal subject matter jurisdiction was proper, the United States Supreme Court focused on the text of the jurisdictional provision of the LMRA itself. *Textron,* 523 U.S. at 656, 118 S.Ct. 1626 (construing 29 U.S.C. § 185(a)). The Supreme Court reasoned: "[A] suit for violation of a contract is not one filed with a view to a future contract violation (much less to facilitate action that otherwise would be a contract violation). It is one filed *because a contract has been violated* ...." *Id.* at 657, 118 S.Ct. 1626 (internal quotations omitted) (emphasis in original). The Supreme Court stated:

> Here, the Union neither alleges that Textron has violated the contract, nor seeks declaratory relief from its own alleged violation. Indeed, as far as the Union's complaint discloses, both parties are in absolute compliance with the terms of the collective-bargaining agree-

ment. Section 301(a) jurisdiction does not lie over such a case.

*Id.* at 658, 118 S.Ct. 1626.

In the present case, Tab asserts only three causes of action in its Third–Party Complaint—declaratory relief, indemnification, and unjust enrichment. Noticeably absent from Tab's Third–Party Complaint is a cause of action alleging that any of the Third–Party Defendants breached the collective-bargaining agreement. Tab contends that its Third–Party Complaint alleges facts sufficient to support a breach of contract claim in federal court, which follows rules of notice pleading. Further, Tab asks for leave to amend its Third–Party Complaint to "clarify its allegation of breach of contract" if this Court finds that jurisdiction hinges on whether Tab's Third–Party Complaint contains a contract breach claim. (Opp'n to [Local 12's] Mot. for Judgement on Pleadings at 6.)

■ The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting his claim. *See Swierkiewicz v. Sorema,* 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson,* 355 U.S. at 47, 78 S.Ct. 99). All the Rules require is a "short and plain statement" that adequately gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. at 998 (citations and internal quotations omitted). Therefore, a plaintiff merely must plead sufficiently to "establish a basis for judgment against the defendant." *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir.1997) (citations omitted). Further, a claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for

improper relief. *See United States v. Howell,* 318 F.2d 162, 166 (9th Cir.1963).

In the present case, Tab's Third–Party Complaint does not give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. at 998. Tab does allege:

> On multiple occasions, and pursuant to the terms of the parties' collective bargaining agreement then in existence, TAB requested that Local 12 dispatch rig-welders to perform the work for which Plaintiffs allege unpaid trust fund contributions.... On each occasion TAB requested that Local 12 dispatch rig-welders to perform the work in question, Local 12 refused to dispatch employees.

(Third–Party Compl. ¶¶ 13–14.) However, the above language is contained within the section of Tab's Third–Party Complaint entitled "First Cause of Action (Declaratory Relief)." Thus, the language—with which Tab might have supported a contract breach claim—merely supports the assertion of a claim for declaratory relief. This Court is not persuaded that the factual allegations in Tab's Complaint, framed as they were under the heading "Declaratory Relief," gave "fair notice of what [Tab's] claim is ...." *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. at 998.

On the other hand, Tab requests that this Court grant Tab leave to amend to clarify its contract breach claim. Generally, a plaintiff may amend a Complaint once "as a matter of course at any time before a responsive pleading is served ...." Fed. R.Civ.P. 15(a). If a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). *See also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

In the interest of justice, this Court will grant Tab leave to amend its Third–Party Complaint to clarify its breach of contract claim. Tab may not amend its Third–Party Complaint "as a matter of course" because responsive pleadings have been filed. *See* Fed.R.Civ.P. 15(a). However, unless this Court grants Tab leave to amend its Complaint to clarify its claim for contract breach, this Court will not have subject matter jurisdiction over Tab's claims against Local 12 and Local 525 under the LMRA. Because this Court does have jurisdiction over other portions of Tab's Third–Party Complaint under ERISA, and thus will retain this case at least in part, judicial economy dictates that this Court allow Tab to amend its Third–Party Complaint.

 Finally, any amendment Tab makes to its Third–Party Complaint will not affect this Court's determination with respect to Tab's unjust enrichment claim under the LMRA. Tab cannot maintain its claims for declaratory relief and indemnification based on "violation of a contract" and still maintain its claim for unjust enrichment. Unjust enrichment provides a remedy for an implied contract, not an express one. *Swanson v. Levy,* 509 F.2d 859, 861 (9th Cir.1975) ("An action does not lie on an implied contract where there exists between the parties a valid express contract which covers the same subject matter.") (citing *Rogers v. American President Lines, Ltd.,* 291 F.2d 740, 742 (9th Cir.1961)). In the present case, more than one collective bargaining agreement—express contracts—are at issue in this case. Thus, Tab's claim for unjust enrichment will not survive even if Tab amends its Third–Party Complaint to clarify its breach of contract claim.

### 2. "Between an Employer and a Labor Organization"

The parties agree that Tab is an "employer" under the statute.[1] While the parties do not contest that Local 12, United Association, and Local 525 are "labor organizations," the Trust Funds contend that the Trust Funds are not "labor organizations" as defined by the LMRA. The LMRA defines "labor organization":

> The term "labor organization" means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

29 U.S.C. § 152(5). Tab has not responded to this argument.

■ Even "taking all allegations in the pleadings as true," as this Court must, *Nelson*, 143 F.3d at 1200, the Trust Funds are not "labor organizations" under the LMRA. The Trust Funds do not "exist[ ] for the purpose ... of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work." 29 U.S.C. § 152(5).

Because the Trust Funds are not labor organizations, this Court does not have jurisdiction over Tab's Third–Party Complaint against the Trust Funds under 29 U.S.C. § 185(a). Further, any amendment Tab chooses to make to its Third–Party Complaint to clarify its breach of contract claim will not affect this Court's jurisdiction over the Trust Funds.

### C. Standing Under ERISA

### 1. The Parties' Arguments

Tab also asserts that this Court has jurisdiction over its Third–Party Complaint pursuant to ERISA. On the other hand, Local 12, Local 525, and the Trust Funds contend that ERISA does not confer jurisdiction on this Court over Tab's Third–Party Complaint. Local 12 argues that Tab may not bring an action for declaratory relief under ERISA. Further, Local 12 contends that Tab, as an "employer" under ERISA, may only file a civil suit under ERISA to enforce Part 1 of Subtitle E, which deals with the liability of an employer when it withdraws from a multiemployer benefit plan. Because this is not the subject of Tab's Third–Party Complaint, Local 12 argues that this Court has no jurisdiction over Tab's claims. Finally, Local 12 contends that Tab alleges no statutory basis for this Court's jurisdiction over Tab's unjust enrichment and indemnification claims. Local 525 joins Local 12's arguments.[2]

The Trust Funds make several arguments in addition to the arguments made

---

1. "Employer" is defined under the LMRA:
 The term "employer" includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof, or any person subject to the Railway Labor Act [45 U.S.C.A. § 151 et seq.], as amended from time to time, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization. 29 U.S.C. § 152(2).

2. Local 12 points out in its Reply that Tab did not oppose Local 12's ERISA-based argu-

ments in Tab's Opposition to Local 12's Motion. As a result, Local 12 urges this Court to "assume that TAB cannot dispute Local 12's ERISA arguments and therefore the only remaining issue is Section 301 of the LMRA." ([Local 12's] Reply to Opp'n to Mot. for J. on the Pleadings at 5.) To make such an assumption would work an injustice on Tab, however, particularly in light of the fact that Tab has addressed the question of jurisdiction under ERISA in proceedings before this Court. Tab addresses the question of jurisdiction under ERISA in its Opposition to the Trust Funds' Motion for Judgment on the Pleadings. Tab also addressed the question of jurisdiction under ERISA in the oral hearing held by this Court on July 29, 2002.

by Local 12 and Local 525. The Trust Funds argue that Tab has neither express nor implied standing under ERISA to bring any claims against the Trust Funds. Further, the Trust Funds argue that ERISA does not provide for a claim for unjust enrichment by an employer against a trust fund. Finally, the Trust Funds contend that Tab has no statutory, contractual, nor common law right to indemnification from the Trust Funds.

In response, Tab argues that its Third–Party Complaint states an actionable claim and put Local 12 on notice of Tab's allegation that the Trust Funds were mistakenly paid as the result of a disputed work assignment. Tab also argues that the Ninth Circuit held in *Award Service* that an implied cause of action for a refund of contributions made in error exists under ERISA. *Award Serv., Inc. v. Northern Cal. Retail Clerks Unions & Food Employers Joint Pension Trust Fund,* 763 F.2d 1066 (9th Cir.1985), *mot. to recall mandate denied by, Award Serv., Inc. v. Northern Cal. Retail Clerks Union & Food Employers Joint Pension Trust Fund,* 774 F.2d 1391 (9th Cir.1985), *cert. denied, Northern Cal. Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Award Serv., Inc.,* 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 890 (1986). Lastly, Tab contends that other Circuits have held that an employer has a federal common law right to file suit to recover mistaken payments. In the event that this Court does not find in favor of Tab, Tab asks for leave to amend its Third–Party Complaint to seek equitable relief pursuant to federal common law. Tab asks that this Court award attorneys' fees and costs for Tab's Opposition to the Trust Funds' Motion because of the Trust Funds' alleged failure to adhere to binding precedent.

The Trust Funds' Reply argues principally that Tab's reliance on the Ninth Circuit's holding in *Award Service* is misplaced because the case is no longer good law. The Trust Funds contend that the Ninth Circuit relied on a section of ERISA, 29 U.S.C. § 1132(e), which refers to a section of ERISA that was repealed in 1998. The Trust Funds also make two arguments with respect to Tab's unjust enrichment claim. First, the Trust Funds contend that in order to maintain a cause of action for unjust enrichment, a plaintiff must show that no contract covers the disputed subject matter; the Trust Funds contend that a contract did exist in the present case. Second, the Trust Funds argue that Tab should not be allowed to amend its Third–Party Complaint to include a common law action for unjust enrichment because the Ninth Circuit has never recognized such a cause of action. Finally, the Trust Funds argue that Tab is not entitled to attorneys' fees.

## 2. Tab's Indemnification Claim

As support for its claim that this Court has jurisdiction, Tab relies on the 9th Circuit's holding in *Award Service, Inc. v. Northern California Retail Clerks Unions and Food Employers Joint Pension Trust Fund.* 763 F.2d 1066 (9th Cir.1985). In *Award Service,* plaintiff Award Service brought suit against a multiemployer pension fund for recovery of allegedly illegal contributions to the fund. 763 F.2d at 1067. In finding that the district court incorrectly dismissed Award Service's ERISA claim for lack of jurisdiction, the Ninth Circuit relied on two sections of the United States Code.[3]

---

**3.** The *Award Service* court also discussed the LMRA in the context of deciding that § 302(e) of the LMRA (29 U.S.C. § 186(e)) does not create a "separate and independent cause of action for the return of contributions that violate that section." *Award Service,* 763 F.2d

First, the *Award Service* Court relied on the civil enforcement provision of ERISA. *Award Service*, 763 F.2d at 1067–68 (citing 29 U.S.C. § 1132). The Circuit acknowledged that ERISA "does not explicitly authorize a civil action by an employer to enforce the provisions of ERISA." *Id.* at 1067–68 (citing 29 U.S.C. § 1132(a)). However, the *Award Service* court pointed out that the Ninth Circuit had held previously "that an employer may bring an action under ERISA to enforce its terms where the employer alleges specific and personal injury." *Id.* at 1068 (citing *Fentron Indus., Inc. v. National Shopmen Pension Fund*, 674 F.2d 1300, 1304–05 (9th Cir.1982)). The *Award Service* court concluded that because the "requirement of a specific and personal injury" was met in *Award Service*, the "district court . . . had jurisdiction to entertain the [29 U.S.C. § 1103] claim under 29 U.S.C. § 1132(e)." *Id.* at 1068.

Second, the *Award Service* court relied on 28 U.S.C. § 1331, explaining that "the district court had [federal question] jurisdiction . . . for the purpose of determining whether an implied cause of action existed under section 403(c)(2)(A) [of ERISA, codified at 29 U.S.C. § 1103(c)(2)(A) ] for return of mistakenly paid contributions." *Award Service*, 763 F.2d at 1068 (citing sources) (footnote omitted). Generally, § 403(c)(2)(A) of ERISA allows the return of mistakenly paid contributions to employers. *Id.* at 1069 n. 3. *See also Alaska Trowel Trades Pension Fund v. Lopshire*, 103 F.3d 881, 885 (9th Cir.1996) ("We have recognized an implied right to recover mistaken payments to a trust fund pursuant to § 403(c)(2)(A) of ERISA.") (citing sources).

### a. Jurisdiction under 29 U.S.C. § 1132(e)

■ Insofar as *Award Service* held that United States district courts have jurisdiction to hear a suit by an employer under ERISA for repayment of mistaken contributions under 29 U.S.C. § 1132(e), the *reasoning* of *Award Service* is arguably no longer good law. On the other hand, the *conclusion* to which the *Award Service* court came—that an employer has standing to sue for repayment of mistaken contributions under ERISA—still stands. As a result of the latter observation, this Court has jurisdiction over Tab's indemnification claim.

According to § 1132(e), the United States district courts have exclusive jurisdiction over civil actions under ERISA brought by the Secretary of Labor, as well as by "a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of [Title 29]." 29 U.S.C. § 1132(e).[4] Congress repealed 29 U.S.C. § 1021(f) in 1998 with the Child Support Performance and Incentive Act of 1998

---

at 1069. That portion of the *Award Service* court's analysis is not discussed here.

4. The full text of 29 U.S.C. § 1132(e) is as follows:

(e) Jurisdiction

(1) Except for actions under subsection (a)(1)(B) of this section, *the district courts of the United States shall have exclusive jurisdiction of civil actions* under this subchapter *brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title.* State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

(2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

29 U.S.C. § 1132(e) (emphasis added).

("1998 Act"). Pub.L. No. 105–200, 112 Stat. 645. Thus, the meaning of § 1132(e) has changed since 1998. Prior to the 1998 Act, section 1132(e)(1) arguably provided for exclusive jurisdiction in the United States district courts over ERISA-based civil actions that were brought by participants, beneficiaries, fiduciaries, and—because the now-repealed § 1021(f)(1) described employers—employers.[5] With the repeal of § 1021(f), the reference in § 1132(e) became nonsensical.

In the present case, the Third–Party Defendants assert that the repeal of § 1021(f) eviscerates the *Award Service* holding. While the 1998 Act has undoubtedly affected the civil enforcement provision of ERISA, the repeal of § 1021(f) by itself does not render the *Award Service* holding completely moot. The Ninth Circuit used broad language in *Award Service,* and the court made no mention of § 1021(f)(1). Instead, the court referred to § 1132 as if the section did not contain the reference to § 1021(f)(1). *Award Service,* 763 F.2d at 1068 n. 1 ("Paragraph 1 of [29 U.S.C. § 1132(e) ] grants the district courts of the United States exclusive jurisdiction over actions brought under ERISA 'by the Secretary [of Labor] or by a participant, beneficiary, or fiduciary.' ").

More problematic—but still not fatal—to the *Award Service* holding with respect to § 1132(e) is the fact that the court confined its discussion of § 1132 to a reiteration of its position from *Fentron.* In *Award Service,* the court relied explicitly on *Fentron* for the proposition that "employers may sue despite their omission from the class of persons expressly em-

powered to sue under section 1132." *Award Service,* 763 F.2d at 1068 n. 1 (citing *Fentron,* 674 F.2d at 1304–05). In *Fentron,* the Ninth Circuit used a three-part "zone of interests" test to determine that the employer Fentron had standing to sue under ERISA. *Fentron,* 674 F.2d at 1304. Since the *Fentron* decision, however, the Ninth Circuit has disapproved the reasoning in *Fentron. See, e.g., McBride v. PLM Intern., Inc.,* 179 F.3d 737, 751–52 (9th Cir.1999) "*Fentron's* 'zone of interests' test was repudiated by *Massachusetts Mutual Life Insurance Company v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) and *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).") (parallel citations omitted)); *Pilkington PLC v. Perelman,* 72 F.3d 1396, 1401 (9th Cir.1995) ("*Fentron* has been largely undermined by subsequent Supreme Court authority.") (citing *Massachusetts Mutual Life Ins. Co.,* 473 U.S. at 146, 105 S.Ct. 3085; *Franchise Tax Bd.,* 463 U.S. at 27, 103 S.Ct. 2841); *Cripps v. Life Ins. Co. of N. Am.,* 980 F.2d 1261, 1265 (9th Cir.1992) ("The reasoning of *Fentron* has twice been repudiated by the Supreme Court.") (citing sources).

Importantly, the Circuit has never explicitly overruled *Fentron* inasmuch as *Fentron* stands for the right of an employer to sue for mistaken contribution of benefits under ERISA. The Ninth Circuit has limited its discussion of *Fentron* to disapproving the reasoning of *Fentron;* the court has not re-thought its conclusion that an employer has the right to sue for

---

**5.** When § 1021(f) was repealed, the section read, in relevant part:

(f) Information necessary to comply with Medicare and Medicaid Coverage Data Bank requirements.

(1) Provision of information by group health plan upon request of employer

(A) In general . . .

(B) Employer described
An employer is described in this subparagraph for any calendar year if such employer normally employed fewer than 50 employees on a typical business day during such calendar year.

(C) Arrangement described . . . .

29 U.S.C. § 1021 (1994 & Supp. III 1998).

mistaken contributions under ERISA. *See, e.g., McBride,* 179 F.3d at 751–52; *Pilkington PLC,* 72 F.3d at 1401; *Cripps,* 980 F.2d at 1265.

As a result, both *Fentron* and *Award Service* are still good law inasmuch as they provide for the employer's right to sue for mistaken contributions under ERISA. Tab has standing to sue for allegedly mistaken contributions under ERISA.

**b. Federal Question Jurisdiction Under 28 U.S.C. § 1331**

■ Even if this Court did not have jurisdiction under § 1132 as enunciated in the arguably dubious authority of *Fentron* and *Award Service,* this Court still has jurisdiction over Tab's indemnification claim under 28 U.S.C. § 1331. This Court has jurisdiction "for the purpose of determining whether an implied cause of action exist[s] under section 403(c)(2)(A) [of ERISA, 29 U.S.C. § 1103(c)(2)(A) ] for return of mistakenly paid contributions." *Award Service,* 763 F.2d at 1068 (citing sources) (footnote omitted). *See also Alaska Trowel Trades Pension Fund,* 103 F.3d at 885; *British Motor Car Distributors, Ltd. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371, 374 (9th Cir.1989). Here, Tab has impled the Trust Funds, Local 525, and Local 12 as the result of allegedly "mistakenly paid contributions." Therefore, this Court has jurisdiction over Tab's indemnification claim.

**2. Tab's Unjust Enrichment and Declaratory Relief Claims**

■ Tab does not have standing to bring its declaratory relief and unjust enrichment actions under ERISA. Tab has not provided authority for the proposition that Tab has standing to bring the unjust enrichment claim, and this Court has been unable to find any such authority. Indeed, the Ninth Circuit has explicitly declined to recognize "a federal common law action for restitution in favor of employers."[6] *British Motor Car Distributors, Ltd. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371, 377 (9th Cir.1989).

■ Further, Tab has not provided this Court with any authority for the proposition that Tab has standing to bring its declaratory relief claim, either. The United States Supreme Court has recently emphasized:

We have observed repeatedly that ERISA is a " 'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system." *Mertens v. Hewitt Associates,* 508 U.S. 248, 251, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (quoting *Nachman Corp. v. Pension Benefit Guaranty Corporation,* 446 U.S. 359, 361, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980)). We have therefore been especially "reluctant to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 147, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Indeed, we have noted that ERISA's "carefully crafted and detailed enforcement scheme provides 'strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.' " *Mertens, supra,* at 254, 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (quoting *Russell, supra,* at 146–147, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96).

*Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, ——, 122 S.Ct.

---

**6.** In part because of the *British Motor* case, this Court will not grant Tab its request for leave to amend its Complaint to pursue equitable relief based on federal common law.

708, 712, 151 L.Ed.2d 635 (2002) (emphasis in original). Given the Supreme Court's reluctance to "extend[ ] remedies not specifically authorized by [ERISA's] text," *Great–West Life*, 524 U.S. at ——, 122 S.Ct. at 712, this Court will not infer from ERISA nor *Award Service* that an employer has standing to sue for declaratory relief under ERISA.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Third–Party Defendant International Union of Operating Engineers, Local 12's Motion for Judgment on the Pleadings (Doc. # 18) is hereby GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Third–Party Defendant International Union of Operating Engineers, Local 12's Motion for Judgment on the Pleadings (Doc. # 18) as to Plaintiff's unjust enrichment claim is hereby GRANTED. Third–Party Plaintiff Tab Contractors, Inc.'s third cause of action, unjust enrichment, is hereby DISMISSED.

IT IS FURTHER ORDERED that Third–Party Defendant International Union of Operating Engineers, Local 12's Motion for Judgment on the Pleadings (Doc. # 18) as to Plaintiff's indemnification and declaratory relief claims is hereby DENIED without prejudice.

IT IS FURTHER ORDERED that Third–Party Defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 525's Joinder in Motion for Judgment on the Pleadings Filed by IUOE Local 12 (Doc. # 24) is GRANTED and DENIED to the same extent as Third–Party Defendant International Union of Operating Engineers, Local 12's Motion for Judgment on the Pleadings (Doc. # 18).

IT IS FURTHER ORDERED that Third–Party Defendants Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust; Trustees of the Plumbers and Pipefitters Local 525 Pension Plan; and Trustees of the Las Vegas Joint Apprentice and Journeyman Training Committee's Motion for Judgment on the Pleadings (Doc. # 16) is hereby GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Third–Party Defendants Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust; Trustees of the Plumbers and Pipefitters Local 525 Pension Plan; and Trustees of the Las Vegas Joint Apprentice and Journeyman Training Committee's Motion for Judgment on the Pleadings (Doc. # 16) as to Tab Contractors, Inc.'s unjust enrichment claim is hereby GRANTED. Third–Party Plaintiff Tab Contractors, Inc.'s third cause of action, unjust enrichment, is hereby DISMISSED.

IT IS FURTHER ORDERED that Third–Party Defendants Trustees of the Plumbers and Pipefitters Local 525 Health and Welfare Trust; Trustees of the Plumbers and Pipefitters Local 525 Pension Plan; and Trustees of the Las Vegas Joint Apprentice and Journeyman Training Committee's Motion for Judgment on the Pleadings (Doc. # 16) as to Plaintiff's indemnification and declaratory relief claims is hereby DENIED.

IT IS FURTHER ORDERED that Third Party Plaintiff Tab Contractors, Inc., shall have to and including October 21, 2002, within which to file an Amended Complaint consistent with this Order.

IT IS FURTHER ORDERED that Third–Party Plaintiff Tab Contractors, Inc.'s request for attorneys' fees (Doc. # 17) is hereby DENIED.